Case 1:07-cv-03208-LAP   Document 1   Filed 04/20/2007   Page 1 of 7

JUDGE PRESKA

204-07/MEU/MAM
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
W-O MARINE PTE. LTD.
80 Pine Street,
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

07 CV 3208

RECEIVED
APR 2 0 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
W-O MARINE PTE. LTD.

                              Plaintiff,
  - against –

MENANG MURNI SDN BHD,

                              Defendants.
------------------------------------------------------------x

07-Civ_____ ( )

**VERIFIED COMPLAINT**

Plaintiff, W-O MARINE PTE. LTD. (hereinafter "W-O MARINE"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant MENANG MURNI SDN BHD (hereinafter "MENANG"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/281796.1

2. At all times relevant hereto, Plaintiff W-O MARINE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 1 Maritime Square #11-05A, Harbour Front Centre, Singapore 099253.

3. At all times relevant hereto, Defendant MENANG was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 39 & 39A, Jalan Snuker 13/28, Tadisma Business Park, 40100 Sha Alam, Selangor Darul Ehsan, Malaysia.

4. On or about March 2, 2007, Plaintiff W-O MARINE, as owner, and Defendant MENANG, as charterer, entered into a maritime contract of charter party on an amended ASBATANKVOY form for the use and operation of the M/T BECKMAN SEA.

5. Pursuant to the terms of the charter party, the vessel arrived at the designated load port, Sungai Udang, Malaysia, and tendered notice of readiness on March 17, 2007.

6. Defendant MENANG, in breach of the charter failed to tender the cargo for loading within the time designated by the charter party and initially failed to give any instructions or information to W-O MARINE.

7. Defendant MENANG subsequently indicated that it intended to provide a cargo between March 26 & 28, 2007 and later by March 31, 2007.

8. Plaintiff W-O MARINE and Defendant MENANG accordingly agreed to amend the terms of the charter party so as to provide that the entire period from the time when laytime would have commenced (six hours following tender of the notice of readiness) to the commencement of loading would be treated as detention payable at the rate of $10,000.00 per day.

9. Defendant MENANG agreed to promptly pay the detention charges but despite repeated assurances failed to do so.

10. In repudiatory breach of the charter party, Defendant MENANG had still failed to nominate a cargo or pay the detention charges as of April 3, 2007.

11. On April 5, 2007, after waiting nearly 20 days during which numerous demands were made upon Defendant to provide the cargo and pay the detention charges, Defendant MENANG for the first time requested Plaintiff W-O MARINE to have the vessel inspected and obtain the approval of Petronas Maritime Services SDN BHD, whom Defendant MENANG had finally nominated to provide the cargo.

12. The inspection and approval of Petronas was not a condition or a requirement under the subject charter party.

13. Nonetheless, in order to attempt to assist Defendant MENANG, Plaintiff W-O MARINE agreed to submit the vessel to an inspection by Petronas.

14. The inspection by Petronas was carried out on April 12, 2007.

15. On April 14, 2007 Petronas declined to accept the vessel based upon minor and non-material alleged deficiencies.

16. Petronas further indicated that it would not re-inspect the vessel for a period of two months.

17. In breach of the charter party and despite due demand by Plaintiff W-O MARINE, Defendant MENANG has failed and otherwise refused to pay the detention from March 17 to April 19, 2007 despite same being due and owing presently.

18. Plaintiff W-O MARINE considered that Defendant MENANG's failure to provide the cargo and pay the detention was a repudiatory breach which entitled Plaintiff to terminate the charter party.

19. On April 19, 2007, the parties consensually agreed to terminate the charter party, but strictly without prejudice to Plaintiff W-O MARINE's right to claim detention and related damages for the period from arrival at Sungai Udang until termination of the charter party.

20. The charter party expressly provided that disputes arising therefrom be resolved in London arbitration with English law to apply.

21. Plaintiff W-O MARINE specifically reserves its right to arbitrate the substantive matters at issue.

22. This action is brought to obtain jurisdiction over Defendant MENANG and to obtain security in favor of Plaintiff W-O MARINE in respect to its claims against Defendant MENANG and in aid of the London arbitration proceedings.

23. Upon information and belief, and after investigation, Defendant MENANG cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

24. As presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by W-O MARINE against MENANG includes:

(a) W-O MARINE's claim for detention for the period March 17 to April 19, 2007 in the amount of $340,000.00;

(b) Port expenses in the sum of $15,000.00 incurred by W-O MARINE as a result of the lengthy wait at the designated load port occasioned by Defendant MENANG's breach of the charter party;

(c) Interest in the amount of $82,160.96, calculated on the above sum at the rate of 7% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law;

(d) Legal fees, arbitrator fees and costs that will be incurred by W-O MARINE in respect to the London arbitration, all of which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $150,000.00.

WHEREFORE, Plaintiff W-O MARINE PTE. LTD. prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $ 437,160.96, plus interest, costs and attorneys fees;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to

and including the sum of **$ 587,160.96**, be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.  That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
April 20, 2007

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Plaintiff
                              W-O MARINE PTE. LTD.

By: _____
       Michael E. Unger (MU 0045)
       Manuel A. Molina (MM 1017)
       80 Pine Street
       New York, NY 10005
       (212) 425-1900
       (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
20th day of April, 2007.

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/281796.1                    7