JUDGE PRESKA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/07

204-07/MEU/MAM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV _____ ( )

------------------------------------------------------------x
W-O MARINE PTE. LTD.

                       Plaintiff,

  - against –

MENANG MURNI SDN BHD,

                       Defendant.
------------------------------------------------------------x

**ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT; APPOINTING PERSON TO SERVE PROCESS PURSUANT TO RULE 4(c); AND CONCERNING SCOPE OF SERVICE**

Upon reading and filing the Verified Complaint of the Plaintiff herein, verified on the 20th day of April, 2007, and the Affidavit of Michael E. Unger, sworn to on the same day, that to the best of his information and belief Defendant MENANG MURNI SDN BHD cannot be found within this District for the purpose of an attachment under Supplemental Rule B(1) and in support of an order appointing a special process server pursuant to Rule 4(c), and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist, and good cause having been shown,

NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff, it is hereby

**O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendant, as described therein, including but not limited to any property of the Defendant such as any cash, funds, escrow funds, debts, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or being transferred to, from, or for the benefit of the Defendant,

NYDOCS1/281806.1

(collectively, "ASSETS"), including but not limited to such ASSETS as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of banking institutions, and/or other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$587,160.96,** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in respect to the claim against the Defendant; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that Michael E. Unger, Lawrence J. Kahn, Manuel A. Molina, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any interrogatories, upon garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendant; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by this or any subsequent Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service, and it is further deemed to be effective throughout the end of the next business day, provided another service is made the next business day.

Dated: New York, New York
April **20**, 2007

_____
U.S.D.J.

A CERTIFIED COPY
J. MICHAEL McMAHON,       CLERK

BY _____
        DEPUTY CLERK

NYDOCS1/281806.1                 3